IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>ANTONIO TORRES #N-64540,<br><br>              Petitioner,<br><br>v.<br><br>NEDRA CHANDLER,<br><br>              Respondent. | No. 05 C 2847 |

MEMORANDUM OPINION AND ORDER

Antonio Torres ("Torres") has filed a fee-paid Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254,[1] seeking to attack his state court conviction on a charge of delivery of a controlled substance, pursuant to which he is serving a 25-year sentence. This Court has promptly examined the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), has engaged in some further investigation of the question of the Petition's timeliness and, for the reasons stated in this memorandum opinion and order, finds that the Petition must be dismissed.

To begin with the issue of timeliness, Torres has provided some but not all of the dates as to his direct appeal proceedings and the proceedings on his ensuing post-conviction petition. This Court has obtained the missing information, and the time

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

sequence plays out in this fashion:

1. After the First District Appellate Court affirmed Torres' conviction and sentence on December 28, 2001 (Petition Pt. I ¶3), he sought leave to appeal to the Illinois Supreme Court. Although Petition Pt. I ¶4 says that leave to appeal was denied on May 26, 2004, that is a mistake: Leave to appeal was in fact denied on April 3, 2002 (the denial is reported in table at 198 Ill.2d 630, 770 N.E.2d 224).

2. Next Torres filed a post-conviction petition in the Circuit Court of Cook County on June 21, 2002 (Petition Pt. II ¶1.B). That was denied on September 4, 2002 (id. ¶1.F).

3. Torres filed a timely appeal from that denial to the Illinois Appellate Court on October 4, 2002. That court affirmed the denial of post-conviction relief on December 11, 2003 (id. ¶1.H).

4. Although Torres then filed a timely affidavit of intent to file a petition for leave to appeal to the Illinois Supreme Court, which allowed him to file that petition within 35 days after the December 11, 2003 entry of judgment (see Ill. St. Ct. Rule 315(b)),[2] or until

---

[2] PSL Realty Co. v. Granite Inv. Co., 86 Ill.2d 291, 304-05, 427 N.E.2d 563, 569-70 (1981) teaches that the entry of the judgment (which is the term used in Rule 315(b)) is the date on

2

January 15, 2004, Torres' petition for leave to appeal was not filed with the Supreme Court until February 19, 2004--35 days late.

5. On May 26, 2004 the Illinois Supreme Court denied leave to appeal (Petition Pt. II ¶1.I). Torres' current Petition was filed just short of a year later--on May 12, 2005.

Section 2244(d)(1) establishes a one-year limitation period for the filing of habeas petitions by state court prisoners, with this alternative (A) specifying the date on which that one-year clock began to tick in this case:

> the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

That provision meshes, however, with the tolling provision set out in Section 2244(d)(2):

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because the time within which Torres could have applied to the United States Supreme Court via certiorari to seek review of the Illinois Supreme Court's rejection of his direct appeal is included in determining "the expiration of the time for seeking

---

which the Appellate Court rendered its decision, not the later date of issuance of its mandate.

3

such [direct] review" under Section 2244(d)(1)(A) (Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002)), no time ran off the limitations clock before Torres filed his state post-conviction petition. But that marks the beginning rather than the end of the timeliness analysis.

Where Torres runs into difficulty instead is indeed at the end of the tolling period under Section 2244(d)(2), for his belated submission of a petition for leave to appeal to the Illinois Supreme Court as to his post-conviction proceeding means that no "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending" between the date of the Appellate Court's December 11, 2003 turndown and Torres' February 19, 2004 petition to the Illinois Supreme Court (Fernandez v. Sternes, 227 F.3d 977, 979-80 (7th Cir. 2000)). And when that two-plus months' time interval is added to the 11-plus months between the Illinois Supreme Court's denial of leave to appeal in late May 2004 and the filing of the current Petition in early May 2005, Torres has gone beyond the one-year limitation period prescribed by Section 2244(d)(1).

That untimeliness could alone support dismissal of the Petition under the statute. But it is of course theoretically possible (albeit highly unlikely) that, if this Court were to order a response to the Petition, the Illinois Attorney General

4

would forgo the opportunity to shoot the sitting duck of the limitations issue by waiving or forfeiting any such untimeliness argument. That being so, this Court will not order a sua sponte dismissal on that ground. Instead it proceeds to the merits of Torres' claims, for their analysis quickly reveals the propriety of a substantive threshold dismissal because those claims do not--either singly or collectively--satisfy either branch of the standards under Section 2254(d), pursuant to which the state courts' adjudication must have:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In that respect Torres first complains about the trial court's admission of his prior convictions to be considered as impeachment of his testimony at trial. It is of course well established that state court evidentiary rulings do not generally implicate constitutional issues--as Howard v. O'Sullivan, 185 F.3d 721, 723-24 (7th Cir. 1999)(citations omitted) has explained:

> To be of constitutional import, an erroneous evidentiary ruling must be so prejudicial that it compromises the petitioner's due process right to a fundamentally fair trial. This means that the error must have produced a significant likelihood that an innocent person has been convicted. Indeed, because of this high standard, evidentiary questions are generally

5

not subject to review in habeas corpus proceedings.
But even apart from that standard, which Torres cannot meet in all events, in this instance his contention is patently without substantive merit--indeed, his argument would essentially invalidate Fed. R. Evid. 609, which has allowed precisely such impeachment for the entire three decades of its existence and has never been viewed as posing any potential of constitutional invalidity. That contention by Torres clearly flunks the Section 2254(d) test.

Torres' other two asserted grounds are closely linked to each other. In the second he complains of the state court's refusal to consider the affidavit of his asserted employer that he says would have shown him to be employed (in contradiction of the testimony of a prosecution witness that he was unemployed). In Torres' third ground he asserts the constitutionally ineffective assistance of his trial counsel for having failed to call the asserted employer to testify to the same effect as the affidavit.

But Torres' difficulty as to both of those claims is graphically demonstrated by his detailed description of the wealth of trial evidence of his guilt of the offense (see Petition at 7-13, recounting the evidence together with record references). That evidence comprised not only the testimony of the three undercover Metropolitan Enforcement Group agents who

participated in the drug transaction (together with Torres and an undercover cooperating witness as well as other culprits) but also photographs of the meetings among the players, which ended with the delivery of two kilograms of cocaine with Torres being both present and actively involved.

Under all of the circumstances as described by Torres himself, there is no arguable possibility that the admission of evidence as to a minor side issue--that of Torres' employment or unemployment--could have made a difference in the outcome. And that torpedoes both Torres' complaint about the trial court's evidentiary ruling in that regard and his complaint about his lawyer's handling (in the latter respect, the seminal decision in Strickland v. Washington, 466 U.S. 668, 697 (1984) requires that a habeas petitioner must show prejudice resulting from the allegedly ineffective assistance of counsel).

In sum, Torres' Petition fails totally on the merits irrespective of any questions regarding its timeliness. Because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4), this Court "must dismiss the petition" (id.). It so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 19, 2005