IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
ANTONIO TORRES #N-64540, )
 )
            Petitioner, )
 )
v. )  No.  05 C 2847
 )
NEDRA CHANDLER, )
 )
            Respondent. )

## SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

On May 19, 2005 this Court issued its memorandum opinion and order ("Order") dismissing the 28 U.S.C. §2254 ("Section 2254") Petition for Writ of Habeas Corpus ("Petition") by which Antonio Torres ("Torres") has sought to attack his state court conviction on charge of delivery of a controlled substance, pursuant to which he is serving a 25-year sentence. On June 9 the Clerk's Office received Torres' self-prepared Motion To Alter or Amend the Judgment pursuant to Fed. R. Civ. P. ("Rule") 59(e).[1] For the reasons briefly stated here, Torres' motion is denied.

To begin with, Torres does not speak at all to this Court's analysis, concluding at Opinion 4, that his Petition is untimely and that under that analysis "untimeliness alone could support

---

[1] Although it is not entirely clear whether Torres' submission was tendered within the non-extendable timetable prescribed by Rule 59(e), this Court will treat it as qualifying for that purpose. In that respect, Torres' supporting affidavit was notarized on June 3, and if he placed it in the hands of the prison authorities for transmittal at that time he qualifies under the interaction of Rules 59(e) and 6(a), combined with the "mailbox rule" announced in Houston v. Lack, 487 U.S. 266 (1988).

dismissal of the Petition under the statute." This Court could well dispatch Torres' effort to secure federal habeas relief solely on that score, just as it could have done in the original Opinion.

But again, as the original Opinion has reflected and as this supplement will elaborate, Torres also fails on other grounds. Essentially he contends that the Opinion failed to address one of his claims--the asserted denial of the compulsory process for obtaining witnesses in his favor--in terms of the constitutional protection provided by the Sixth Amendment.[2] That contention fails for two independent reasons, either of which would suffice.

For one thing, Opinion at 6-7 has already explained how Torres flunks the second prong of the test as to the allegedly ineffective assistance of counsel identified in Strickland v. Washington, 466 U.S. 668, 697 (1984). And Torres' position as to the witnesses issue is further defeated conclusively by the unpublished orders of the Illinois Appellate Court for the First Judicial District in rejecting his direct appeal (that order was

---

[2] Even though the Opinion did not expressly refer to the Sixth Amendment, Torres is simply mistaken in that respect. As Opinion at 7 shows and the next paragraph of this supplement reconfirms, this Court has specifically focused on Strickland v. Washington, the seminal Sixth Amendment decision as to the right to counsel. And as for the right to compulsory process for obtaining witnesses, the very fact that this Court has addressed Torres' claims on the merits, rather than asserting that he has not posed federal constitutional claims as Section 2254(a) requires, confirms that it has assumed Torres' presentation of constitutional claims but has rejected them on other grounds.

2

entered December 28, 2001 in Case No. 1-00-1212) and in affirming the denial of state post-conviction relief (that order was dated December 11, 2003 in Case No. 1-02-3193). Those orders turned away Torres' challenges to both the trial court's and his counsel's asserted failures to allow or to procure certain witnesses on his behalf--in each instance the Appellate Court's ruling was based on an independent and adequate state ground.

That being so, Torres cannot point to those asserted failures as a basis for federal habeas relief. What he has proffered is insufficient to surmount the hurdles that the law erects when such state law procedural defaults exist.

In summary, more than one reason calls for denial of Torres' current motion. This Court orders such denial.

                                           _____
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: June 14, 2005